UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.

BENJAMIN HICKS

Case No. 3:20-CR-26 JD

**OPINION AND ORDER**

On February 9, 2022, Mr. Hicks pleaded guilty to one count of conspiracy to distribute more than 500 grams of a mixture or substance containing methamphetamine. (DE 115.) Prior to sentencing, probation prepared a presentence investigation report, which prompted Mr. Hicks to file several objections. (DE 131.) On October 3, 2022, after hearing evidence regarding these objections, the Court issued an order overruling the objections and imposing an obstruction of justice enhancement based on Mr. Hicks' false testimony at the evidentiary hearing. (DE 179.) Mr. Hicks' sentencing was set for February 16, 2023. However, on February 3, 2023, Mr. Hicks' counsel, Jonathan Lawson, filed a motion to withdraw and appoint substitute counsel after being directed by Mr. Hicks to do so. (DE 189 ¶ 5.) The Court held a hearing on February 7, 2023, to inquire into the basis for this motion. (DE 191.) For the following reasons, the motion to withdraw and appoint substitute counsel is DENIED. (DE 189.)

In considering a motion to withdraw and a request to appoint substitute counsel, the Court should inquire into the basis for the withdrawal and consider the "timeliness of the motion," as well as "whether the conflict was so great that it resulted in a total lack of

communication preventing an adequate defense." *United States v. Volpentesta*, 727 F.3d 666, 673 (7th Cir. 2013).[1]

The Court first finds that the motion is untimely. The Seventh Circuit has previously found a request made within ten days of a sentencing hearing to weigh against granting a motion to withdraw. *United States v. Hall*, 35 F.3d 310, 313 (7th Cir. 1994) ("Given the timing of [defendant's] request for new counsel, [with a scheduled sentencing hearing only ten days away] [defendant's] efforts here appear to the court to be an effort to derail the sentencing that was fast approaching."). Here, the request from Mr. Hicks to withdraw came a mere thirteen days before sentencing, which is almost the same time frame that the Seventh Circuit in *Hall* described as demonstrating an "effort to derail the sentencing."

Furthermore, this situation is distinct from that considered by the Seventh Circuit in *United States v. Ryals*, 512 F.3d 416, 419 (7th Cir. 2008). There, the Seventh Circuit found that a motion filed three weeks before sentencing was timely because it was filed at the same time the dispute with the lawyer emerged. *Id.* (finding that motion was timely where "motion to withdraw could not have preceded the breakdown"). The situation described by Mr. Hicks' counsel, Jonathan Lawson, at the hearing detailed how Mr. Hicks had ample opportunity to request this motion be filed. Much of Mr. Hicks' dissatisfaction appears to stem from the determinations made in this Court's October order ruling on Mr. Hicks' various objections to the presentence investigation report. According to Mr. Lawson, soon after this order was issued, he approached Mr. Hicks on multiple occasions about whether Mr. Hicks wanted him to file a motion to

---

[1] A criminal defendant also has a right to an attorney who does not have a conflict of interest. *Volpentesta*, 727 F.3d at 674. However, at no point during the Court's inquiry on February 7, 2023, did Mr. Lawson or Mr. Hicks indicate that there was any conflict of interest.

withdraw. Despite being approached and given this opportunity multiple times, Mr. Lawson indicated that Mr. Hicks never directed him to file the motion until February 3, 2023. This delay in asking his counsel to file the motion indicates to the Court that this motion is likely brought to delay Mr. Hicks' sentencing rather than for a legitimate purpose.

Additionally, the nature of the conflict between Mr. Lawson and Mr. Hicks does not demonstrate a total lack of communication preventing adequate defense. Disagreements over trial strategy and a tempestuous relationship do not amount to a conflict necessitating substitution. *United States v. Hillsberg*, 812 F.2d 328, 333-34 (7th Cir. 1987) (denial of substitution motion need not be granted "where defendant and counsel have personality conflicts and disagreements over trial strategy"); *United States v. Morris*, 714 F.2d 669, 673 (7th Cir. 1983) (upholding denial of motion for substitution that alleged only "ethereal distrust" of counsel); *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985) ("defendant's general loss of confidence or trust in his counsel, standing alone, is not sufficient").

At the hearing the Court held on February 7, 2023, Mr. Hicks indicated that he was upset with the results Mr. Lawson had achieved and that he wanted Mr. Lawson to present further objections to the presentence investigation report for various discrepancies. However, Mr. Hicks never went beyond expressing general dissatisfaction with Mr. Lawson's representation and failed to identify the discrepancies he believed existed in the presentence investigation report. Instead, his criticisms of Mr. Lawson fell squarely in the camp of expressing a general loss of confidence and disagreements over strategy regarding the sentencing, which is insufficient.

The Court also notes that much of the conduct that Mr. Hicks appears to express disagreement with likely constitutes permissible, and even wise, strategy by Mr. Lawson. At the hearing, Mr. Hicks indicated that he wanted Mr. Lawson to file a motion to reconsider his

objections and to file further objections to the presentence report, both of which Mr. Lawson indicated he thought were meritless courses of action. Such a strategy appears entirely reasonable. This Court's prior order elaborated on why each of the "discrepancies" previously raised by Mr. Hicks in his objections to the presentence report were not relevant to this Court's sentencing decision. Furthermore, despite these objections ultimately being overruled, Mr. Lawson presented zealous and well-reasoned arguments to support them at the July 14, 2022, evidentiary hearing. The source of the current dispute between Mr. Hicks and Mr. Lawson therefore does not appear to stem from any actual defect in Mr. Lawson's performance, but rather from Mr. Hicks' dissatisfaction with Mr. Lawson refusing to put meritless arguments before the court.

Because Mr. Hicks failed to provide this Court with any complaint rising above general dissatisfaction with his attorney's performance or distrust in his counsel, and because Mr. Lawson has a history of competently arguing on Mr. Hicks behalf, this Court does not believe that there is a total lack of communication which prevents an adequate defense. Accordingly, the Court DENIES the motion to withdraw and substitute counsel. (DE 189.) Sentencing shall proceed as previously set.

SO ORDERED.

ENTERED: February 8, 2023

       /s/ JON E. DEGUILIO
Chief Judge
United States District Court